Jerry N. Budin (State Bar No. 88539)
Law Offices of Jerry Budin
2401 E. Orangeburg Ave., Suite 675-309
Modesto, CA 95355
Telephone:  (209) 544-3030
Facsimile:   (209) 544-3144

Attorneys for Plaintiffs,
DANNY BATES, et al.


Daniel F. Pyne (State Bar No. 131955)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:      (408) 286-9800
Facsimile:       (408) 998-4790

Attorneys for Defendants,
C.L. BRYANT and C. L. BRYANT, INC.

UNITED STATES DISTRICT COURT

EASTERN OF CALIFORNIA

| | |
|---|---|
| DANNY BATES, individually and on behalf of all others similarly-situated,, | CASE NO. 1:07-cv-01825 LJO SMS |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| C.L. BRYANT, C. L. BRYANT INC., and DOES 1 through 100,, | |
| Defendants. | |

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

PDF created with pdfFactory trial version www.pdffactory.com

1  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

2  Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

3  all disclosures or responses to discovery and that the protection it affords extends only to the

4  limited information or items that are entitled under the applicable legal principles to treatment as

5  confidential.  The parties further acknowledge, as set forth in Section 10, below, that this

6  Stipulated Protective Order creates no entitlement to file confidential information under seal;

7  Local Rule 39-141 sets forth the procedures that must be followed when a party seeks permission

8  from the court to file material under seal.

9  **2.    DEFINITIONS**

10       2.1    Party:  any party to this action, including all of its officers, directors, employees,

11  consultants, retained experts, and outside counsel (and their support staff).

12       2.2    Disclosure or Discovery Material:  all items or information, regardless of the

13  medium or manner generated, stored, or maintained (including, among other things, testimony,

14  transcripts, or tangible things) that are produced or generated in disclosures or responses to

15  discovery in this matter.

16       2.3    "Confidential" Information or Items: information (regardless of how generated,

17  stored or maintained) or tangible things that qualify for protection under standards developed

18  under F.R.Civ.P. 26(c).

19       2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely

20  sensitive "Confidential Information or Items" whose disclosure to another Party or non-party

21  would create a substantial risk of serious injury that could not be avoided by less restrictive

22  means.

23       2.5    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

24  Producing Party.

25       2.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery

26  Material in this action.

27       2.7    Designating Party:  a Party or non-party that designates information or items that it

28  produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential —

- 2 -

PDF created with pdfFactory trial version www.pdffactory.com

1   Attorneys' Eyes Only."

2          2.8   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as

3   "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

4          2.9   <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained

5   to represent or advise a Party in this action.

6          2.10   <u>House Counsel</u>:  attorneys who are employees of a Party.

7          2.11   <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well as their

8   support staffs).

9          2.12   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to

10   the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

11   consultant in this action and who is not a past or a current employee of a Party or of a competitor

12   of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party

13   or a competitor of a Party's.  This definition includes a professional jury or trial consultant

14   retained in connection with this litigation.

15          2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support services

16   (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

17   storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

18   **3.**     **SCOPE**

19          The protections conferred by this Stipulation and Order cover not only Protected Material

20   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

21   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

22   parties or counsel to or in court or in other settings that might reveal Protected Material.

23   **4.**     **DURATION**

24          Even after the termination of this litigation, the confidentiality obligations imposed by this

25   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

26   otherwise directs.

27   **5.**     **DESIGNATING PROTECTED MATERIAL**

28          5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party

PDF created with pdfFactory trial version www.pdffactory.com

1   or non-party that designates information or items for protection under this Order must take care to

2   limit any such designation to specific material that qualifies under the appropriate standards.  A

3   Designating Party must take care to designate for protection only those parts of material,

4   documents, items, or oral or written communications that qualify – so that other portions of the

5   material, documents, items, or communications for which protection is not warranted are not

6   swept unjustifiably within the ambit of this Order.

7          Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

8   shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

9   unnecessarily encumber or retard the case development process, or to impose unnecessary

10   expenses and burdens on other parties), expose the Designating Party to sanctions.

11          If it comes to a Party's or a non-party's attention that information or items that it

12   designated for protection do not qualify for protection at all, or do not qualify for the level of

13   protection initially asserted, that Party or non-party must promptly notify all other parties that it is

14   withdrawing the mistaken designation.

15          5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order

16   (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

17   material that qualifies for protection under this Order must be clearly so designated before the

18   material is disclosed or produced.

19          Designation in conformity with this Order requires:

20          (a)    for information in documentary form (apart from transcripts of depositions

21   or other pretrial or trial proceedings), that the Producing Party affix the legend

22   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the

23   bottom of each page that contains protected material.  If only a portion or portions of the material

24   on a page qualifies for protection, the Producing Party also must clearly identify the protected

25   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

26   portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

27   CONFIDENTIAL – ATTORNEYS' EYES ONLY").

28          A Party or non-party that makes original documents or materials available for

- 4 -

PDF created with pdfFactory trial version www.pdffactory.com

1   inspection need not designate them for protection until after the inspecting Party has indicated

2   which material it would like copied and produced.  During the inspection and before the

3   designation, all of the material made available for inspection shall be deemed "HIGHLY

4   CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

5   documents it wants copied and produced, the Producing Party must determine which documents,

6   or portions thereof, qualify for protection under this Order, then, before producing the specified

7   documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

8   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the bottom of each page that

9   contains Protected Material.  If only a portion or portions of the material on a page qualifies for

10  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

11  appropriate markings in the margins) and must specify, for each portion, the level of protection

12  being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

13  EYES ONLY").

14           (b)      for testimony given in deposition or in other pretrial or trial proceedings,

15  that the Party or non-party offering or sponsoring the testimony identify on the record, before the

16  close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

17  any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS'

18  EYES ONLY."  When it is impractical to identify separately each portion of testimony that is

19  entitled to protection, and when it appears that substantial portions of the testimony may qualify

20  for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on

21  the record (before the deposition or proceeding is concluded) a right to have up to 20 days after

22  receipt of the transcript to identify the specific portions of the testimony as to which protection is

23  sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

24  CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that

25  are appropriately designated for protection within the 20 days shall be covered by the provisions

26  of this Stipulated Protective Order.

27           Transcript pages containing Protected Material must be separately bound by the

28  court reporter, who must affix to the top or bottom of each such page the legend

- 5 -

PDF created with pdfFactory trial version www.pdffactory.com

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the

PDF created with pdfFactory trial version www.pdffactory.com

1   Designating Party an opportunity to review the designated material, to reconsider the

2   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

3   designation.  A challenging Party may proceed to the next stage of the challenge process only if it

4   has engaged in this meet and confer process first.

5           6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

6   designation after considering the justification offered by the Designating Party may file and serve

7   a motion under Local Rule 37-251 that identifies the challenged material and sets forth in detail

8   the basis for the challenge.  Each such motion must be accompanied by a competent declaration

9   that affirms that the movant has complied with the meet and confer requirements imposed in the

10  preceding paragraph and that sets forth with specificity the justification for the confidentiality

11  designation that was given by the Designating Party in the meet and confer dialogue.

12          The burden of persuasion in any such challenge proceeding shall be on the

13  Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

14  material in question the level of protection to which it is entitled under the Producing Party's

15  designation.

16  **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

17          7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed

18  or produced by another Party or by a non-party in connection with this case only for prosecuting,

19  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

20  to the categories of persons and under the conditions described in this Order.  When the litigation

21  has been terminated, a Receiving Party must comply with the provisions of Section 11, below

22  (FINAL DISPOSITION).

23          Protected Material must be stored and maintained by a Receiving Party at a

24  location and in a secure manner that ensures that access is limited to the persons authorized under

25  this Order.

26          7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

27  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

28  disclose any information or item designated CONFIDENTIAL only to:

- 7 -

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)     the author of the document or the original source of the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

PDF created with pdfFactory trial version www.pdffactory.com

(b)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.4, below, have been followed;

(c)     the Court and its personnel;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e)     the author of the document or the original source of the information.

7.4     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items to "Experts".  A Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" first must take all adequate and reasonable steps to ensure that the proposed "Expert" does not have any conflict of interest.

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of

- 9 -

PDF created with pdfFactory trial version www.pdffactory.com

1    this Protective Order and to afford the Designating Party in this case an opportunity to try to

2    protect its confidentiality interests in the court from which the subpoena or order issued.  The

3    Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

4    confidential material — and nothing in these provisions should be construed as authorizing or

5    encouraging a Receiving Party in this action to disobey a lawful directive from another court.

6    **9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

7    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

8    Material to any person or in any circumstance not authorized under this Stipulated Protective

9    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

10   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

11   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

12   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

13   Be Bound" that is attached hereto as Exhibit A.

14   **10.     FILING PROTECTED MATERIAL**

15   Without written permission from the Designating Party or a court order secured after

16   appropriate notice to all interested persons, a Party may not file in the public record in this action

17   any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

18   with Local Rule 39-141.

19   **11.     FINAL DISPOSITION**

20   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

21   after the final termination of this action, each Receiving Party must return all Protected Material

22   to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

23   abstracts, compilations, summaries or any other form of reproducing or capturing any of the

24   Protected Material.  With permission in writing from the Designating Party, the Receiving Party

25   may destroy some or all of the Protected Material instead of returning it.  Whether the Protected

26   Material is returned or destroyed, the Receiving Party must submit a written certification to the

27   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

28   deadline that identifies (by category, where appropriate) all the Protected Material that was

- 10 -

PDF created with pdfFactory trial version www.pdffactory.com

1  returned or destroyed and that affirms that the Receiving Party has not retained any copies,

2  abstracts, compilations, summaries or other forms of reproducing or capturing any of the

3  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

4  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

5  work product, even if such materials contain Protected Material.  Any such archival copies that

6  contain or constitute Protected Material remain subject to this Protective Order as set forth in

7  Section 4 (DURATION), above.

8  **12.    MISCELLANEOUS**

9      12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to

10 seek its modification by the Court in the future.

11     12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

12 Order no Party waives any right it otherwise would have to object to disclosing or producing any

13 information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

14 no Party waives any right to object on any ground to use in evidence of any of the material

15 covered by this Protective Order.

16 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

17
                                              LAW OFFICES OF JERRY BUDIN
18

19                                            /s/ Jerry Budin
   Dated:  May 20, 2008                       _____
20                                            Jerry Budin
21                                            Attorneys for Plaintiff
                                              DANNY BATES
22

23                                            HOPKINS & CARLEY
24

25 Dated:  May 19, 2008                       /s/ Daniel F.  Pyne
                                              _____
26                                            Daniel F. Pyne
27                                            Attorneys for Defendants
                                              C. L. BRYANT AND C. L. BRYANT, INC.
28

                                    - 11 -

PDF created with pdfFactory trial version www.pdffactory.com

1

**<u>ORDER</u>**

2

3    PURSUANT TO STIPULATION, IT IS SO ORDERED.

4

5
     Dated:  5/21/2008
6                                                        /s/ Sandra M. Snyder
                                                   Honorable Sandra M. Snyder
7                                                  United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ **[print or type full name]** of _____

_____ **[print or type full address]**, declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Eastern District of California on _____,

2006 in the case of *Danny Bates, et al v. C. L. Bryant and C. L. Bryant, Inc.*, CV-F-07-1825 LJO

SMS.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ **[print or type full name]** of

_____ **[print or type full address and telephone number]**

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 13 -

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com